14-1887-cr
United States v. Davis

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of June, two thousand fifteen.

PRESENT: DENNIS JACOBS,
         GUIDO CALABRESI,
         GERARD E. LYNCH,
                      Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,
         Appellee,

         -v.-                                    14-1887-cr

ALFREDO DAVIS,
         Defendant-Appellant,

JOSE NALES, TYRONE ALSTON,
         Defendants.
- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:           Randall D. Unger, Law Offices of
                         Randall D. Unger, Bayside, New
                         York.

1

**FOR APPELLEE:**                    Parvin Moyne and Margaret
                                    Garnett, <u>for</u> Preet Bharara,
                                    United States Attorney for the
                                    Southern District of New York,
                                    New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Hellerstein, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Alfredo Davis appeals from the judgment of the United States District Court for the Southern District of New York (Hellerstein, <u>J.</u>), convicting him, after a guilty plea, of robbery conspiracy and a related firearms offense. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

A defendant who has pleaded guilty is entitled to withdraw that plea (prior to sentencing) if he can show a "fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d). We review for abuse of discretion a district court's denial of a motion to withdraw a guilty plea. <u>United States v. Carreto</u>, 583 F.3d 152, 157 (2d Cir. 2009).

Davis contends that his plea was involuntary. The district court's conclusion to the contrary is well-supported by the record. During the plea hearing, Davis stated under oath that his plea was voluntary and not coerced. The fact that he may have pleaded guilty to avoid the risk of a lengthy post-trial sentence did not make the plea involuntary. <u>Brady v. United States</u>, 397 U.S. 742, 750 (1970). Davis argues that the plea was involuntary because the court advised him shortly before he entered the plea that a codefendant had made statements exculpating him; however, Davis was aware of those statements and the district court's knowledge of those statements well in advance of the plea hearing.

The district court also properly rejected Davis's arguments that the plea was rendered invalid by <u>Alleyne v. United States</u>, 133 S. Ct. 2151, 2155 (2013). In anticipation of the result in <u>Alleyne</u>, the information

charged brandishing as an element of the firearms offense; and, at the plea hearing, the government characterized brandishing as an element that it would have to prove at trial.  Davis sufficiently allocuted that he was guilty of that offense: he admitted that it was "part of the plan" for his coconspirator to carry a gun that would be brandished in the course of executing the robbery.  See <u>Rosemond v. United States</u>, 134 S. Ct. 1240, 1243 (2014).

For the foregoing reasons, and finding no merit in Davis's other arguments, we hereby **AFFIRM** the judgment of the district court.

                              FOR THE COURT:
                              CATHERINE O'HAGAN WOLFE, CLERK